UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| BARBARA C. FLORES, | ) No. ED CV 14-00980-VBK |
| Plaintiff, | ) MEMORANDUM OPINION |
| v. | ) AND ORDER |
| | ) (Social Security Case) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1.  Whether there is a DOT inconsistency in the Administrative

```
                Law Judge's ("ALJ") holding that Plaintiff can perform the
                jobs such as her past relevant work as well as other jobs;
      2.   Whether the ALJ properly considered Plaintiff's testimony
                and made proper credibility findings; and
      3.   Whether the ALJ properly considered the lay witness
                testimony.
```
(JS at 2-3.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ'S IDENTIFICATION OF WORK THAT PLAINTIFF CAN PERFORM IS NOT BASED ON A DOT INCONSISTENCY BETWEEN THE JOB REQUIREMENTS AND PLAINTIFF'S RESIDUAL FUNCTIONAL CAPACITY**

In Plaintiff's first issue, she contends that the ALJ improperly found that she can perform her past relevant work as an overnight supervisor/stock clerk, and alternatively, that Plaintiff is able to perform other work identified by the testifying Vocational Expert ("VE") at the hearing. (AR 15-16.)

Plaintiff does not quibble with the ALJ's finding as to her residual functional capacity ("RFC"), which includes a stated limitation as follows: "Occasional overhead reach with the right upper extremity." (AR 12.) Plaintiff contends, however, that she is not capable of performing the jobs identified by the ALJ, (AR 16.) The ALJ stated the following conclusion:

"Based on the testimony of the vocational expert, the

1    undersigned concludes that, considering the claimant's age,
2    education, work experience, and residual functional
3    capacity, <u>the claimant is not only able to return to her</u>
4    <u>past relevant work, but she is also capable of making a</u>
5    <u>successful adjustment to other work that exists in</u>
6    <u>significant numbers in the national economy.</u> A finding of
7    'not disabled' is therefore appropriate under Step Four of
8    the sequential evaluation as well as the framework of the
9    above-cited rule, under Step Five of the sequential
10    evaluation." [Emphasis added.]
11 (AR 16.)

13  Although the ALJ stated that he based his conclusion on the
14 testimony of the VE, as the Commissioner concedes, the ALJ erred in
15 concluding that the VE identified Plaintiff's past relevant work as
16 being within her capacity pursuant to the hypothetical question posed
17 at the hearing. In fact, the opposite is true, in that the VE
18 indicated Plaintiff in fact could not do her past work. (AR 42.)
19 Similarly, the ALJ's claim that he specifically asked the VE to note
20 and explain any disagreements with the provisions of the DOT (AR 15)
21 was in fact not found in the record. Thus, as the Commissioner
22 concedes, the ALJ's determination that Plaintiff could perform her
23 past relevant work as an overnight supervisor/stock clerk constitutes
24 error. (<u>See</u> JS at 7.) The question for the Court is whether the error
25 was harmless based on the ALJ's identification of two other jobs at
26 Step Five that he concluded are within Plaintiff's RFC. <u>See</u> <u>Tommasetti</u>
27 <u>v. Astrue</u>, 533 F.3d 1035, 1042 (9th Cir. 2008)(a determination of non-
28 disability at Step Five renders any error at Step Four harmless).

3

With regard to the Step Five job identifications, Plaintiff claims that the exertional requirements of these jobs exceed the RFC limitations identified by the ALJ. In particular, Plaintiff interprets the DOT as requiring that a person performing the job of Hand Packager must perform frequent reaching in all directions. (See JS at 4-5.) Similarly, as to the identified job of Assembler, Plaintiff concludes that the DOT requires that this job requires frequent reaching with both hands. (See JS at 5-6.)

The issue Plaintiff raises has been addressed by other courts, and their conclusions are uniformly opposite to those of Plaintiff in this litigation. In particular, in similar situations, courts have found that the DOT does not specify that a job that requires frequent reaching requires the use of both arms. See Landrum v. Coldin, 2013 WL 3819675, at *6 (C.D. Cal. 2013)(see also cases cited in Landrum, at *6). Plaintiff does not address any these errors other than reiterating her original contentions in her Reply. (See JS at 9.) The Court finds, based on this persuasive authority, that Plaintiff's contentions are foreclosed, that the DOT does not require that these jobs must be performed by frequent reaching with both arms, and that because Plaintiff's limitation as to reaching only extend to her right arm (see AR at 12), her contentions are without merit.

**II**

**THE ALJ'S CREDIBILITY ASSESSMENT**

**IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

In Plaintiff's second issue, she contests the ALJ's credibility findings with regard to her subjective symptoms. (See AR at 13-15.) Plaintiff contends that the ALJ failed to provide the requisite clear

4

and convincing reasons to reject her testimony, citing well-recognized Ninth Circuit authority for the guiding principles. (See, e.g., Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998).

Plaintiff's contentions are not supported by the record. Indeed, the ALJ's Decision contains substantial and detailed findings to support the credibility assessment. In summary, the ALJ relied upon the following evidence:

- Plaintiff requested a doctor's note in March 2011 when she moved from Oklahoma to California to certify that she is "mentally stable and capable of work;"
- The weight of objective evidence does not support her claims of disabling limitations;
- Mental status examinations do not support the degree of mental impairment she alleges;
- Despite complaining of severe back pain, her objective examinations show normal range of motion of the lumbar spine with negative straight leg raise testing bilaterally;
- Plaintiff's claims of severe arthritis are not supported by examinations of her joints that show no clubbing, cyanosis, edema, restricted range of motion, crepitus, swelling, or deformities;
- Plaintiff has received generally conservative medical care and no surgical intervention during the relevant period;
- Plaintiff has been prescribed and has taken appropriate medications for impairments and they have been relatively effective in controlling her symptoms, according to her own self reporting;
- Plaintiff's symptoms do not require any special

>     accommodations to relieve pain or other symptoms;
> - Despite claiming disabling pain and weakness, Plaintiff does not show any significant atrophy, loss of strength, or difficulty moving which would be indicative of severe and disabling pain. She testified she can walk a couple of miles, that she has a normal gait and does not need any assistive devices to ambulate;
> - She is able to do housework for her sister-in-law in lieu of rent; can prepare her own meals and go shopping; can walk three quarters of a mile;
> - There is no evidence of weight loss due to appetite-related pain or depression;
> - There is no evidence of cognitive deficits due to pain or depression;
> - None of Plaintiff's physicians have opined that she is totally and permanently disabled from any kind of work.

(AR at 13-14.)

In view of this extensive record and recitation of reasons, the Court has no basis to conclude that the ALJ's credibility finding is based on anything less than substantial and credible evidence, and, in fact, the Court does conclude that the ALJ did set forth clear and convincing reasons to depreciate her credibility.

### III
### THE ALJ DID NOT IMPROPERLY FAIL TO CONSIDER LAY WITNESS TESTIMONY

In her final issue, Plaintiff asserts that the ALJ's failure to discuss the testimony of her husband constitutes reversible error. In

particular, Plaintiff references the Function Report - Adult - Third Party provided by her husband.

In the Decision, the ALJ specifically stated that he had considered all of the evidence. (AR 9.) Further, as the Commissioner notes, controlling Ninth Circuit case precedent provides that the ALJ must consider testimony from lay witnesses such as family and friends, but is not required to provide express reasons to reject that testimony as to each lay witness. (<u>Id</u>., citing 20 C.F.R. §§ 404.1529(c)(3), 404.1545(a)(3); Social Security Ruling ("SSR") 06-03p.)

In any event, the law witness report did not provide any materially new or different relevant information to the record. For the foregoing reasons, the Court finds no error with regard to asserted failure to consider lay witness testimony.

The decision of the ALJ will be affirmed. The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: January 30, 2015           /s/
                                  VICTOR B. KENTON
                                  UNITED STATES MAGISTRATE JUDGE